In re the Marriage of Wendy J. YAZEL, n/k/a Wendy J. Berkeypile, Petitioner–Appellant,

v.

Brian YAZEL, Respondent–Appellee.

No. 71A03–8612–CV–337.

Court of Appeals of Indiana, Third District.

Dec. 17, 1987.

Joseph L. Amaral, South Bend, for petitioner-appellant.

J. Christopher Warter, Patrick & Warter, South Bend, for respondent-appellee.

GARRARD, Presiding Judge.

When Brian and Wendy Yazel had their marriage dissolved, custody of their minor child was awarded to them jointly. A year later Mrs. Yazel (now Berkeypile) petitioned to secure sole custody.

At the time of the dissolution, as well as at the time of this hearing, Mr. Yazel had been disabled as the result of an accident during surgery. A central issue raised by the petition was his allegedly deteriorating condition and his ability to provide proper care when the child was in his physical custody. The parties agreed, pursuant to IC 31–1–11.5–22, to refer the matter to the Domestic Relations Counseling Bureau for an investigation and report on questions of custody and visitation.

The report was duly prepared and filed and the court set the matter for hearing. At the hearing, in addition to going into the report, Mrs. Berkeypile called as witnesses her husband, Fred Berkeypile, and her sister, Judy Reed. Objection was made to their testimony on the ground that they had not been interviewed by the bureau in the preparation of the report and that the only evidence admissible at the hearing was the report itself and the testimony of the investigator and any person the investigator consulted in preparing the report. The court rejected the testimony on that ground, and Berkeypile made offers of proof sufficient to establish that both witnesses were acquainted with each household and the conditions under which the child was cared for.

■ This was error. IC 31–1–11.5–22 provides:

"Investigations and Reports. (a) In custody proceedings after evidence is submitted upon the petition, if a parent or the child's custodian so requests, the court may order an investigation and report concerning custodial arrangements for the child. The investigation and report may be made by the court social service agency, the staff of the juvenile court, the local probation or welfare department, or a private agency employed by the court for the purpose.

(b) In preparing his report concerning a child, the investigator may consult any person who may have information about the child and his potential custodian arrangements. Upon order of the court, the investigator may refer the child to professional personnel for diagnosis. The investigator may consult with and obtain information from medical, psychiatric, or other expert persons who have served the child in the past without obtaining the consent of the parent or the child's custodian; but the child's consent must be obtained if he is of sufficient age and capable of forming rational and independent judgments. If the requirements of subsection (c) are fulfilled, the investigator's report may be received in evidence at the hearing, and it shall not be excluded on the grounds that it is hearsay or otherwise incompetent.

(c) The court shall mail the investigator's report to counsel and to any party not represented by counsel at least ten (10) days prior to the hearing. The investigator shall make available to counsel and to any party not represented by counsel the investigator's file of underlying data and reports, complete texts of diagnostic reports made to the investigator pursuant to the provisions of subsec-

tion (b), and the names and addresses of all persons whom the investigator has consulted. Any party to the proceeding may call the investigator and any person whom he has consulted for cross-examination. No party may waive his right of cross-examination prior to the hearing.

"(d) The court in determining said child custody, shall make a modification thereof only upon a showing of changed circumstances so substantial and continuing as to make the existing custody order unreasonable. In making its determination, the court shall not hear evidence on matters occurring prior to the last custody proceeding between the parties unless such matters relate to a change of circumstances."

Thus, the scheme envisioned by the statute is that the court has discretion to order such investigations and reports after evidence has been submitted on the petition. *In re Marriage of Larkin* (1984), Ind.App., 462 N.E.2d 1338. The statute, however, preserves the rights of the parties to challenge the veracity of the report and the probity of its conclusions by requiring that the parties be given the opportunity to cross examine the investigator as well as any or all persons the investigator consulted.

Assuming the parties completed the presentation of their evidence before a referral for a section 22 report was made, it would certainly be within the court's discretion to limit the evidence at the second stage of the hearing to the report and the examinations contemplated by subsection (c).

That, however, did not occur in the case before us. Nor does the record disclose any stipulation when the report was requested, or otherwise, that the evidence would be limited to the report and such examinations as the parties desired to make under subsection (c).

IC 31–1–11.5–2 does not supplant normal hearing requirements. It merely supplements them. It follows that Mrs. Berkeypile was entitled to present competent witnesses of her choosing to endeavor to sustain the issues in her behalf. When she was not afforded the prior opportunity to do so, she was entitled to present her evidence at the hearing when the report was admitted.

■ This brings us to the second point of her argument. She asserts the DRCB report was improperly prepared because it considered only the change in condition of Mr. Yazel. She urges that she was entitled to present evidence concerning her ability to care for their child.

When a petition to modify a child custody order is before the court, it is well established that the question to be determined is whether or not there are changed circumstances so substantial and continuing as to make the existing order unreasonable. IC 31–1–11.5–22(d); *Pea v. Pea* (1986), Ind. App., 498 N.E.2d 110; *Gerber v. Gerber* (1985), Ind.App., 476 N.E.2d 531. The reason for the rule arises from the law's recognition of the value of continuity in rearing a child and the destructive consequences that may result to the child if he or she is shuttled back and forth between divorced parents on the basis of one or the other parent having secured a promotion, better job, nicer home, or a new marriage partner. Thus, for practical purposes the crux of a hearing to modify custody will normally turn on what has deteriorated or gone wrong with the custodial parent or the custodial home. It is such evidence that usually establishes the unreasonableness of the existing order.

The fact that we are dealing with an original order for joint custody does not alter the proof requirements. The essence of the petition, after all, is to have it determined that Mr. Yazel should have his existing right to custody removed. If anything, evidence concerning Mrs. Berkeypile's present living arrangement is less pertinent because the existing order already recognizes her fitness for custody.

While we are not prepared to say that evidence concerning her custodial capability was wholly irrelevant, it is difficult to discern any harm absent a prior showing that the existing order was unreasonable.

On the other hand, Mrs. Berkeypile also complains that the exclusion of her proffered witnesses prevented her from presenting additional evidence concerning Mr. Yazel's asserted inability to properly care for the child. The record supports her position. For this reason we must conclude the court committed prejudicial error in excluding the witnesses since it does not appear that their testimony would have been merely cumulative.

We reverse and remand for a new hearing consistent with this opinion.

Reversed and remanded.

HOFFMAN, J., concurs.

SULLIVAN, J., concurs and files separate opinion.

SULLIVAN, Judge, concurring.

I agree with the majority opinion in its holding with respect to an interpretation of I.C. 31-1-11.5-22 (Burns Code Ed.Repl. 1987). I do not however agree with any implication, if there be such, in the opinion or in *In re Marriage of Larkin* (1984) 3d Dist. Ind.App., 462 N.E.2d 1338, that in custody matters the trial court may order a home study and/or report only pursuant to the statute, and only if requested to do so and only after an initial evidentiary hearing has been conducted. In my view the trial court has the inherent power to utilize the services of private or governmental social agencies in custody matters, when appropriate, and whether as part of the dissolution proceeding or thereafter. *See* 31-1-11.5-21(e) (Burns Code Ed.Repl.1987).

Subject to this caveat, I concur.