In re the Marriage of Lane **HEGER-FELD**, Respondent–Appellant,

v.

Jorgann L. **HEGERFELD**, Petitioner–Appellee.

No. 57A038905CV184.

Court of Appeals of Indiana, Third District.

June 27, 1990.

Daniel M. Graly, Anthony M. Stites, Barrett & McNagny, Fort Wayne, for respondent-appellant.

Mark C. Chambers, Suzanne M. Hampton, Legal Clinic of Mark C. Chambers, Fort Wayne, for petitioner-appellee.

GARRARD, Judge.

Lane Hegerfeld appeals the judgment of the Noble Circuit Court dividing the property of his marriage to Jorgann L. Hegerfeld and awarding Jorgann the custody of their two children. He presents four issues on appeal:

(1) Whether the trial court erred in allowing a witness to testify as an expert to the value of Lane Hegerfeld's pension.

(2) Whether the trial court erred in including within marital property pension benefits that Lane Hegerfeld had not yet acquired.

(3) Whether the court erred in valuing a Ruger .357 magnum revolver.

(4) Whether the court erred in awarding custody of the children to the mother.

We affirm in part and reverse in part.

## Facts and Procedural History

Lane and Jorgann Hegerfeld were married July 12, 1969. On June 26, 1987, Jorgann filed a petition for dissolution. At the time of the petition, they had two children, ages 16 and 12. Lane was employed by Navistar (formerly International Harvester) and had worked there since July 1, 1965, except for two years he spent in military service. Lane has a pension benefit plan from Navistar that cannot be forfeited if he terminates his employment. A bench trial was held on December 12, 1988. At trial Jorgann introduced testimony from Donald Wunrow, a certified public accountant. The trial court allowed Wunrow to testify as an expert witness over Lane's objection. Wunrow was allowed to testify that the value of Lane's pension benefit, for the purpose of including it in marital property, was $48,631.00. Based upon Wunrow's calculation, the court found the pension to have a present value of $81,430.00, of which $48,631.00 was attributable to the marriage as a marital asset. Further facts are in the body of this opinion.

## Discussion and Decision

Lane's first contention is that the trial court erred in allowing Donald Wunrow to testify to the value of Lane's pension benefit that was attributable to the marriage. Wunrow testified that he was a certified public accountant and that the majority of his practice was small business tax work, consulting, and practice management. He also testified that he had no experience with pensions outside of his tax practice. Lane contends that Wunrow was not an actuary and was therefore not competent to testify as an actuary.

■ The competency of a witness to testify as an expert is a matter for the trial court to determine and is subject to its discretion. *Travelers Indemnity Co. v. Armstrong* (1982), Ind., 442 N.E.2d 349, 365. Thus, the appellate court reviews the trial court's judgment only for an abuse of discretion. The rules of evidence do not require that an expert demonstrate knowledge of specific principles, formulas or calculations to be qualified to state his opinion. Instead, the witness's training, education and experience may be sufficient to demonstrate his competence. *Martin v. Roberts* (1984), Ind., 464 N.E.2d 896, 899. The expert's specific knowledge generally goes to the weight the trier of fact will give the expert's testimony. *Id.* Thus, it may not be necessary that a witness be an actuary or demonstrate a knowledge of actuarial principles to be competent to give an opinion on the present value of a pension.

■ It is also true, however, that an expert must possess sufficient skill and knowledge in his or her field to aid the trier of fact in its search for truth. *Terre Haute First National Bank v. Stewart* (1983), Ind., 455 N.E.2d 362, 368. An expert's competency is determined by his knowledge of the subject matter generally, whereas his knowledge of the specific subject of the inquiry goes to the weight to be accorded his testimony. *Travelers Indemnity Co. v. Armstrong, supra.* Thus, where the witness testified that as a bank officer he was familiar with real estate values, had been familiar with the house in question, but was not aware of recent remodeling, the witness was allowed to testify as an expert to the value of the house. *Id.* The value of a thing is "the probable exchangeable rate so far as one can estimate it from the various attendant circumstances and conditions which would affect the disposal of the article. It is with these [circumstances and conditions] that a witness must be familiar." Wigmore on Evidence, § 717.

■ The article in the case at bar is Lane's pension benefit. The circumstances and conditions with which Wunrow, the witness, must be familiar include mortality (the likelihood that a person will die before reaching a certain age), discount rates, and life expectancy. While Wunrow does not require first-hand experience in calculating mortality tables or determining the dis-

count rate, he must demonstrate that he knows first what the data represent and second, why or how that data applies to this particular case. Wunrow's function is not, as Jorgann suggests, merely to do the arithmetic calculations.

The only pension experience that Wunrow testified to concerned tax consequences for small businesses. This was the first clue that Wunrow was not competent to testify as an expert on pension valuation. This inexperience might not have been fatal if Wunrow had experience in a closely related area such as annuities. Jorgann, however, needed to demonstrate that Wunrow possessed, in addition to his skill as an accountant, knowledge of the process of ascertaining the present value of pension benefits. She failed to do this. As the questioning progressed, it became clear that Wunrow, having testified that he used tables published by the Pension Benefit Guaranty Corporation, did not understand, or was unable to articulate, what the figures, which he obtained from those tables, represented. Finally, Wunrow's calculations are identical to those that a firm called Law Data made approximately one month before Wunrow made his calculations. Wunrow appears to be the vehicle employed merely to get Law Data's calculations into evidence. *See Terre Haute First National Bank v. Stewart, supra.* Wunrow's/Law Data's calculations were impossible to probe on cross examination because Wunrow did not possess sufficient skill or knowledge of the process of valuing pension benefits to aid the trier of fact in its search for truth.

The court abused its discretion in allowing Wunrow to testify as an expert. We, therefore, reverse and remand for a new trial on the value and disposition of the marital property.

Lane also contends that the trial court erred in placing a value of $788.00 on a Ruger .357 magnum revolver that both parties agreed was worth $125.00. The trial court awarded to Lane "all those items located in the garage as listed on respondent's Exhibit A, including the Ruger .357 Magnum revolver, 788.00." Exhibit A lists several items from the garage, including the revolver. The value of all the items together comes to $788.50. The trial court has not over-valued the revolver.

Lane finally contends that the trial court erred in awarding custody of the children to Jorgann because the court failed to find that the custody award was in their best interest and because the award was not in their best interests. "The court shall determine custody and enter a custody order in accordance with the best interests of the child." IC 31–1–11.5–21(a). This statute further requires that the court consider all relevant factors including six factors enumerated. *See* IC 31–1–11.5–21(a)(1) through (6). The statute does not require the trial court to make specific findings unless specific findings are requested pursuant to Trial Rule 52(A). *Marriage of Ford* (1984), Ind.App., 470 N.E.2d 357, 363. If specific findings are not requested, we reverse the award of custody only if that determination is clearly against the logic and effect of the facts and circumstances before the court or the reasonable inferences to be drawn therefrom. *Id.*

Neither Lane nor Jorgann requested specific findings; therefore, it was unnecessary for the trial court to make specific findings that the custody award was in the children's best interest. Lane asserts that the custody award was not in the children's best interest. He cites evidence which purports to show that Jorgann is the less fit parent. However, other evidence supports a contrary conclusion. We do not reweigh the evidence on appeal. *Marriage of Larkin* (1984), Ind.App., 462 N.E.2d 1338, 1342. The trial court did not abuse its discretion. The award of custody over the children to Jorgann is affirmed.

The trial court's decision is affirmed in part and reversed in part, and remanded for further proceedings consistent with this opinion.

RATLIFF, C.J., and STATON, J., concur.