**John Earl GRAMMER, Jr.,**
**Appellant–Respondent,**

v.

**Teeum GRAMMER, Appellee–Petitioner.**

**No. 10A01–9002–CV–53.**

Court of Appeals of Indiana,
First District.

Feb. 21, 1991.

---

Dennis R. Tackett, Tackett, Taurman & Sonne, P.C., New Albany, for appellant-respondent.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

John Earl Grammer, Jr. appeals the trial court's division of the marital estate and awards of child custody, child support, visitation rights, and maintenance. We affirm in part, reverse in part, and remand.

## ISSUES

We restate the issues on appeal as:

Did the trial court abuse its discretion in:

1. granting custody of the minor child to Teeum Grammer?

2. restricting John's visitation rights?

3. establishing John's support obligations?

4. awarding maintenance to Teeum in the form of health insurance, school expenses, and a monthly payment of $25?

5. granting Teeum one-half of John's pension benefits?

6. dividing the marital property and debts?

## FACTS

John and Teeum were married on July 29, 1982. During their marriage they had one daughter. Teeum petitioned for dissolution of their marriage on June 25, 1987. However, the dissolution hearing did not commence until October 10, 1989. Both parents sought custody of the child at the hearing. Teeum was not employed during

the marriage or at the time of the hearing. John earned $550 each week.

Further facts will be added as necessary.

## DISCUSSION AND DECISION [1]

### Issue One

■■■ John argues the trial court erred in granting custody of the child to Teeum. We review the custody decision for an abuse of discretion. *Hegerfeld v. Hegerfeld* (1990), Ind.App., 555 N.E.2d 853, 856.

■■■ The evidence reflects that Teeum cared for the child on a daily basis during the marriage while John worked. John's appeal merely argues that he would be a better custodial parent. We do not reweigh the evidence as John requests. *See id.* Upon review of the record, we find sufficient evidence to support the order and do not find the court abused its discretion.

### Issue Two

■■■ Next, John argues the trial court unreasonably limited his visitation by disallowing any overnight, vacation, or holiday visits. When reviewing the trial court's decision on visitation, we may reverse only on a showing of a manifest abuse of discretion. *Beeson v. Beeson* (1989), Ind.App., 538 N.E.2d 293, 299; *Carter v. Dec* (1985), Ind.App., 480 N.E.2d 564, 566.

■■■ The court granted John visitation two days each week, eight hours each of those days. We presume the court reached the correct result. *In re Marriage of Saunders* (1986), Ind.App., 496 N.E.2d 419, 421. John has failed to show any abuse by the trial court.

### Issue Three

■■■ John contends the court erred in ordering John to pay all of the child's medical and dental expenses in addition to child

support payments of $98.00 per week pursuant to the Child Support Guidelines. None of the presumptive support obligation was allocated to Teeum.[2] The guidelines provide a weekly amount of $98.00 to support one child when the combined income of the parents is $550. Child Supp.G. 5. Support awards determined under the guidelines are presumptively correct. *Gielsdorf-Aliah v. Aliah* (1990), Ind.App., 560 N.E.2d 1275, 1277.

■■■ The presumptive guideline amounts take into consideration ordinary medical expenses. *See* Commentary of Child Supp.G. 3. Child Supp.G. 3 provides for adjustments to the basic child support obligation. Subsection E further contemplates adjustments for extraordinary health care expenses. A trial court may deviate from the guideline amount if the evidence indicates award of the presumptive amount would be unjust and the court enters a written finding articulating the circumstances supporting the award. *In the Matter of Paternity of Humphrey* (1990), Ind.App., 561 N.E.2d 502; Child Supp.G. 3.

■■■ Here, the court order exceeded the recommended amount of support by ordering payment of all medical expenses in addition to the weekly support payment without explanation for the deviation. The parent who seeks a deviation from the guideline amount must present evidence rebutting the presumptive amount as unjust or inappropriate under the circumstances. *Aliah*, 560 N.E.2d at 1278. We fail to find in the record any evidence presented by Teeum that would permit an order of support deviating from the guidelines. Abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Myers v. Myers* (1990), Ind., 560 N.E.2d 39, 42. As we find no evidence to

---

1. Teeum has failed to file an appellee brief. Therefore, we may reverse upon a showing by John of prima facie error in the trial court's decision. *See Equimart Ltd., Inc. v. Epperly* (1989), Ind.App., 545 N.E.2d 595, 597.

2. The guidelines presume a division of the support obligation in proportion to each parent's

weekly available income. An order directing one parent to pay 100% of the support would not be unreasonable under the present circumstances where Teeum has no income. *See Gielsdorf-Aliah v. Aliah* (1990), Ind.App., 560 N.E.2d 1275, 1277.

support the court's deviation from the guidelines by ordering payment of all medical expenses in addition to the presumptive amount, we find the court abused its discretion on this issue.

### Issue Four

John complains the maintenance award was an abuse of discretion. The court ordered John to pay Teeum $25 each week as maintenance and any school expenses. John was also required to maintain medical insurance for Teeum.

■ IND.CODE § 31–1–11.5–11(e) provides the factors necessary to award maintenance. The trial court did not find Teeum was physically or mentally incapacitated to base an award on subsections 1 or 2. Subsection 3 permits rehabilitative maintenance if the spouse's education or employment was interrupted during the marriage. The court failed to articulate any finding on rehabilitative maintenance. The evidence does not establish that interruption of Teeum's education or employment occurred. The statute was not satisfied; therefore, the maintenance award was an abuse of discretion. *See Dahnke v. Dahnke* (1989), Ind.App., 535 N.E.2d 172, 175–76.

### Issue Five

John argues the trial court improperly considered his pension as marital property and awarded Teeum one-half. The trial judge stated, "if there is a vested pension and/or retirement amount as of this date, we will give the Petitioner (Teeum) one-half of that." Record at 272.

■ The dissolution act includes pension benefits as marital property as defined in IND.CODE § 31–1–11.5–2(d). The three subsections contemplate vested pensions presently payable, vested pensions payable after dissolution, and 10 U.S.C. § 1408(a) pensions.

The record is not clear whether John's pension had vested at the time of dissolution. Without such evidence, the trial court erroneously divided John's pension as part of the marital estate. We find the court abused its discretion when it awarded Teeum half of John's pension.

### Issue Six

■ John contends the trial court abused its discretion by making an unequal division of the property. A trial court has broad discretion in dividing marital property. Upon review, we will not reweigh the evidence. We will consider only the evidence most favorable to the court's decision. *See Shumaker v. Shumaker* (1990), Ind.App., 559 N.E.2d 315, 317.

■ John complains he was ordered to pay all the marital ·debts and the court failed to state its reason for deviating from the presumption of equal division. *See id.* at 318. The record reflects the court did enter written findings to justify the unequal division. The court stated, "[John] is to be responsible for the marital debts because of the inequitable position between the two parties. There is no way that [Teeum] has any income to pay any of these debts." Record at 274.

We find this reason set forth by the trial court is a valid factor, as contained in I.C. § 31–1–11.5–11(c)(3), that justifies unequal division of the property. We do not find the court abused its discretion in its division of the marital property.

We affirm the trial court's custody and visitation orders and its division of the marital property, excluding John's pension. We reverse the trial court's award of maintenance and division of John's pension. We also reverse the court's support order and remand for a redetermination in accordance with the guidelines.

Affirmed in part, reversed in part, and remanded.

ROBERTSON and GARRARD, JJ., concur.