**Cara J. VAN ETTA, Appellant–Petitioner,**

v.

**James VAN ETTA, Appellee–Respondent.**

**No. 23A01–9108–CV–251.**

Court of Appeals of Indiana,
First District.

Dec. 30, 1991.

Louis Pearlman, Jr., Pearlman & Chosnek, Lafayette, for appellant-petitioner.

Joanne Orr Van Pelt, Indianapolis, for appellee-respondent.

## STATEMENT OF THE CASE

RATLIFF, Chief Judge.

Cara J. Van Etta appeals the modification of child custody. We reverse and remand.

## ISSUE

We find one issue dispositive: Did the court err in modifying custody subsequent to receipt of a home study report without further hearing?

## FACTS

When Cara and James were divorced on December 10, 1987, the parties were granted joint custody and Cara had physical custody of their three children. On March 30, 1990, James filed a petition to modify custody, alleging that the children were being physically and mentally abused by Cara.

At the conclusion of the hearing, the court *sua sponte* ordered a home study by the Fountain County Department of Public Welfare. The home study report was filed February 19, 1991. Without another hearing, the court modified custody on March 13, 1991, granting James custody of the two youngest children and maintaining custody of the oldest daughter with Cara.

Cara filed a motion to correct error asserting that no substantial, continuing change of circumstances existed to justify the modification and that the court erroneously considered the home study report without holding a hearing after its submission to allow cross-examination. The court denied the motion and Cara appeals.

## DISCUSSION AND DECISION

Cara contends that the court erred in considering the home study report without holding a hearing after its receipt. IND. CODE § 31–1–11.5–22 permits a court to order an investigation and report concerning custodial arrangements upon the request of a parent or custodian. Once the report is filed with the court, copies must be mailed to counsel at least ten days before a subsequent hearing regarding the report. I.C. § 31–1–11.5–22(c).

Procedural due process must be provided to protect the substantive rights of the parties in child custody proceedings, and an opportunity to be heard is essential before a parent can be deprived of custody. *Brown v. Brown* (1984), Ind.App., 463 N.E.2d 310, 313. Home study reports may contain prejudicial information to the claim of a parent; therefore, I.C. § 31–1–11.5–22 contemplates a hearing following the receipt of the report so that the parties have an opportunity to cross-examine the report compiler or the sources of the report's contents.

In *Brown*, the husband received a copy of the report on the last day of the hearing, while the court did not receive the report until the day after the hearing.[1] *Id.* at 313–14. On appeal, the husband argued that he did not receive the report ten days before the hearing was held so the custody determination should be reversed since his due process rights were ignored. *Id.* at 313. The appellate court reversed, finding that the procedural irregularities constituted an abuse of discretion. *Id.* at 314. The same result is imperative here.

Noting that the court *sua sponte* ordered the home study, we must find that the technical requirements of I.C. § 31–1–11.5–22(c) are not applicable. *See In re Marriage of Larkin* (1984), Ind.App., 462 N.E.2d 1338, 1342.[2] Even so, the *Larkin* court held that the intent of the legislature could not be ignored where such reports are considered in making the custody determination regardless of whether the report was requested by a parent or by the court. *Id.* The court stated that where such reports are considered by the trial court in making its determination, the parties should have the opportunity to examine their veracity and the probity of their conclusions. *Id.; Yazel v. Yazel* (1987), Ind. App., 516 N.E.2d 107, 109. We hold that once the court decides to order a study to aid in the custody determination, the court is obligated by due process to hold a further hearing. *See Larkin*, 462 N.E.2d at 1342.

Once the judge received the report, he did not schedule another hearing. Even after Cara's attorney wrote a letter to the judge and welfare department regarding the home study report, disputing various facts in the report, the judge still was not prompted to set a hearing. The fact that we cannot tell the extent to which the court based its judgment on the unchallenged report supports our finding that further hearing is necessary. We find that further hearing was essential to protect Cara's due process rights and that she was not re-

---

1. The investigation and report were ordered pursuant to the wife's request.

2. We acknowledge that the issue in *Larkin* was not whether the court failed to hold a subsequent hearing, but whether the trial court committed reversible error by deciding the case

when the wife was not given the report at least ten days prior to the hearing as required by I.C. § 31–1–11.5–22(c). Nevertheless, we adopt the *Larkin* rationale finding it applicable to the issue here.

quired to make a specific request for a hearing. We reverse and remand for further proceedings.

Reversed and remanded.

ROBERTSON and CONOVER, JJ., concur.