**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JOHN ANDREW GOODRIDGE**
Evansville, Indiana

ATTORNEY FOR APPELLEE:

**STEVEN L. BOHLEBER**
Evansville, Indiana

**FILED**
May 22 2014, 10:38 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID W. REED, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 82A01-1309-DR-411 |
| | ) | |
| JENNIFER REED, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Richard G. D'Amour, Judge
Cause No. 82D04-1210-DR-1051

**May 22, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

David Reed ("Father") appeals the trial court's award of primary physical custody of the parties' two minor sons to Jennifer Reed ("Mother"). Father raises one issue on appeal: whether the trial court erred in granting primary physical custody of the parties' two minor sons to Mother. Concluding the trial court did not abuse its discretion in making the custody determination, we affirm.

## Facts and Procedural History[1]

Mother and Father's dissolution of marriage action was filed on October 30, 2012. Mother and Father have three children: Dakota, David Jr., and Devin.[2] Mother provisionally was awarded primary physical custody of the minor children, and Father was granted parenting time. A final hearing was held in August 2013, at which both Mother and Father testified that each would like primary physical custody of their sons, but both were willing to

---

[1] We note both Father's and Mother's "Statement of Facts" section in each respective brief fails to comply with Indiana Appellate Rule 46(6)(c) ("The statement shall be in narrative form and shall not be a witness by witness summary of the testimony."). Father's fact section contains an excerpt from the decree of dissolution on page 1, and is followed by eighteen pages of verbatim transcript excerpts from the final hearing without narration or context other than to identify the speakers for each section of quoted testimony. Mother's Statement of Facts includes the same excerpt from the decree of dissolution followed by six and a half pages of quoted testimony, and also fails to provide narration or context other than to identify each speaker.

Further, Father's discussion section fails to cite authority, statutes, the appendix, or other part of the record in making his argument, and contains nine additional pages of excerpts from the transcript without context or analysis–indeed, twenty-seven of the thirty-three pages of Father's brief is comprised almost exclusively of transcript excerpts. Citations to the record are required by Indiana Appellate Rule 46(A)(8)(a). The few citations to the record contained within Father's "Statement of the Case" (as required by Indiana Appellate Rule 46(A)(5)) are inaccurate and do not align with the record. The failure to comply with our appellate rules may subject an argument to waiver or forfeiture. Richard v. Richard, 812 N.E.2d 222, 224 (Ind. Ct. App. 2004). We are not required to search the record on appeal or make a party's case for him. Vandenburgh v. Vandenburgh, 916 N.E.2d 723, 729 (Ind. Ct. App. 2009). At a minimum, the failure to comply with the rules makes our review of the issue more difficult. However, we prefer to resolve cases on the merits. Howell v. Hawk, 750 N.E.2d 452, 457 n.3 (Ind. Ct. App. 2001). We remind counsel to comply with our rules in the future.

[2] At the time of the final hearing in August 2013, Dakota was twenty-two, David Jr. was seventeen,

have joint legal custody. Neither parent thought the other's access to their children should be limited in any way. Post-dissolution, Mother was going to remain living in the marital residence in Evansville, where David Jr. and Devin had lived their entire lives, and Father planned on living two hours away in Centralia, Illinois, near his family. At the time of the hearing, Father was facing an array of criminal charges in two different cases: in one, the charges were strangulation, confinement, and domestic battery for actions committed against Mother (the first two as Class D felonies, the third a misdemeanor); the other case included three possession of a legend drug charges (all Class D felonies) and a misdemeanor possession of paraphernalia charge. David Jr. testified he wished to live with Mother because he did not want to change schools and make new friends during his junior year of high school. After the hearing, the court awarded Mother primary physical custody of both minor children, and awarded Father parenting time in accordance with the Indiana Parenting Time Guidelines. Father now appeals. Additional facts will be provided as necessary.

## Discussion and Decision

### I. Standard of Review

Trial courts are to determine custody and enter a custody order in accordance with the best interests of the child. Ind. Code § 31-17-2-8. Child custody determinations are within the discretion of the trial court and will not be disturbed except for an abuse of discretion. Aylward v. Aylward, 592 N.E.2d 1247, 1250 (Ind. Ct. App. 1992). The trial court is not required to make specific findings unless specific findings are requested pursuant to Trial Rule 52(A). Hegerfeld v. Hegerfeld, 555 N.E.2d 853, 856. If specific findings are not

and Devin was fourteen. As Dakota was not a minor, the custody determination did not apply to him.

3

requested, we reverse the award of custody only if that determination is clearly against the logic and effect of the facts and circumstances before the court or the reasonable inferences to be drawn therefrom. Id. We will not reweigh evidence or reassess witness credibility, and we will consider only the evidence which supports the trial court's decision. Spencer v. Spencer, 684 N.E.2d 500, 501 (Ind. Ct. App. 1997).

## II. Custody of Minor Sons

Father argues the trial court's decision was against the logic and effect of the facts and the circumstances. Father argues Mother presented little evidence to support that her having custody would be in the best interests of the children, and that Father presented substantial probative evidence that it would be in the best interests of the children to live with him.

Here, the evidence supporting the trial court's decision shows that Mother wanted custody of the two minor sons, and David Jr. wanted to live with Mother. By living with Mother, the two sons would remain living in the same house they had their entire lives, and would not have to change school systems or move out of state. They both were well-adjusted to their communities and had established groups of friends. While the boys were growing up, Mother primarily was the one to arrange for the children's medical care, transport them to school, buy clothing, arrange birthday parties, and attend parent-teacher conferences. Additionally, Father was facing criminal charges in two different cases, and there was potential for jail time or probation as five of the seven charges were Class D felonies. Father's remaining point asks us to essentially reweigh the evidence and determine that Father is also capable of providing appropriate supervision for the children; this we will not

4

do. <u>Spencer</u>, 684 N.E.2d at 501. The trial court did not abuse its discretion by awarding Mother primary physical custody of the minor children.

<u>Conclusion</u>

Concluding the trial court did not abuse its discretion in making the custody determination, we affirm.

Affirmed.

RILEY, J., and BRADFORD, J., concur.