Herman L. **LUNG**, Appellant–Defendant,

v.

**Jacqualine L. LUNG**, Appellee–Plaintiff.

No. 43A03–9412–CV–462.

Court of Appeals of Indiana.

Sept. 28, 1995.

Rehearing Denied Feb. 20, 1996.

Edward E. Beck, Shambaugh, Kast, Beck & Williams, Fort Wayne, for appellant.

Stanley E. Pequignot, Jay A. Rigdon, Rockhill, Pinnick, Pequignot, Helm & Landis, Warsaw, for appellee.

## OPINION

GARRARD, Judge.

Herman L. Lung (hereinafter "Herman") challenges the trial court's finding that certain real estate was marital property subject to an equal division after his divorce from Jacqualine L. Lung. We affirm.

*FACTS*

Herman and Jacqualine married on May 22, 1992. Seventeen months later Herman filed a petition to dissolve their marriage due to an irretrievable breakdown. At the time of their marriage, Herman had retired from his veterinary practice and had assets of $784,641.00. Jacqualine was employed by Walker Manufacturing as a machine operator/welder and had a net worth of approximately $8,690.00. Jacqualine subsequently terminated her employment so she could care for Herman after he underwent surgery for prostate cancer.

The parties signed an antenuptial agreement (hereinafter referred to as "the agreement") prior to their marriage. The agreement provided that each of the parties waived or released all rights under the laws of any state or nation in the separate property of the other. The property list attached to the agreement listed the lake property at issue here as Herman's separate property.[1] The agreement also stated that it did not restrict or limit either party's right to receive a voluntary transfer from the other. Nor did it limit the right of the parties to establish joint accounts or tenancies by the entireties as to real estate. Although Jacqualine's attorney prepared the agreement signed by the parties, Herman discussed such an agreement with his attorney. Herman terminated his attorney's services, however, after finding the proposed antenuptial agreement drafted by his attorney too "complicated."

Four days after the parties married, Herman signed a warranty deed conveying the lake property to himself and Jacqualine as husband and wife.

At the evidentiary hearing following the petition to dissolve the marriage, the trial court determined that the antenuptial agreement was valid. However, the court found that Herman voluntarily transferred the lake property to himself and Jacqualine as tenants by the entirety, and thus the property became marital property subject to equal

---

1. Herman had owned the lake property and cottage for thirty-nine years. After his retirement, the lake cottage became his full-time residence. Herman and Jacqualine resided there during their marriage.

division. The court awarded the lake property to Herman and ordered Herman to pay Jacqualine $124,964.00 to achieve an equal distribution of marital assets. Herman appeals.

### ISSUES

I. Whether the trial court erred by including the lake property as a marital asset.

II. Whether the trial court abused its discretion in ordering an equal distribution of marital property.

### DISCUSSION & DECISION

#### I.

Herman contends the trial court erred in finding that the lake property constituted a marital asset subject to division in the dissolution of marriage action. He argues that the property was separate property under the agreement and that the trial court's finding that he transferred it voluntarily and with full knowledge of the results was not supported by the evidence. He also argues that the trial court erred in finding that the transfer of real estate was in conformity with the agreement. He asks this court to reverse the order requiring him to pay Jacqualine $124,964.00.

■■■ Neither party in the case at bar requested special findings. The trial court entered special findings with the judgment *sua sponte.* When a trial court makes specific findings on its own motion, the general judgment will control as to the issues upon which the court has not found and the specific findings control only as to the issues they cover. *Blazek v. Blazek* (1994), Ind.App., 631 N.E.2d 518, 520. We may not reverse the trial court's findings in such circumstances unless they are clearly erroneous. *Id.* Findings are clearly erroneous only if the record contains no facts supporting them ei-

ther directly or by inference. *Estate of Reasor v. Putnam County* (1994), Ind., 635 N.E.2d 153, 158, *reh'g denied.*

■■■ The issue before this court is whether evidence supports the trial court's conclusion that the lake property was properly included as marital property of the parties. Herman claims the lake property was his separate property, and relies upon the following provision:

> Except as otherwise provided in this antenuptial agreement, in the event that the marriage contemplated herein terminates by divorce, annulment, separation, or death of one of the parties, each of the parties releases and waives all rights that he or she may have or acquire in the separate property of the other under any laws of any state or foreign nation as presently or hereafter in effect providing for equitable distribution of income or property upon such termination.

Record at 191. A property list attached to the agreement listed the lake property as Herman's separate property.

While we concur in the validity of the agreement, we find that Herman changed the status of the lake property from being his separate property to being marital property by his actions *after* entering into the agreement and after the marriage. On May 26, 1992, Herman executed a deed conveying the property at issue to himself and Jacqualine as tenants by the entirety. Herman makes no claim of fraud or undue influence. Nor does he argue that the transfer was involuntary. Instead, he insists that he only intended to provide for Jacqualine in the event of his death, and that he did not intend to make a gift of the property to her. Appellant's brief at 15. While we believe that Herman did not intend the precise results of his action, the evidence shows that he did intend to execute the deed.[2] Herman voluntarily transferred the property to a tenancy by the

---

2. Contrary to Herman's assertion, the trial court did not find that he knew the deed created marital property when he executed it. Appellant's brief at 16. Rather, the court found that Herman transferred the real estate with full knowledge as to the results of such transfer. The court further found that Herman was a well-educated person experienced in the transfer of real estate. Thus, we interpret the court's finding that the conveyance was accomplished "with full knowledge" of the results to mean that Herman knew he was transforming the property into a tenancy by the entirety.

entirety when he executed the deed and recorded it himself. Thus, the evidence supports the trial court's conclusion that Herman's actions removed the lake property from its prior classification as separate property and rendered it marital property subject to division.

The trial court's finding that Herman transferred the lake property in accordance with the agreement is supported by the evidence as well. In pertinent part, the agreement provides that:

> Neither party intends by this antenuptial agreement to limit or restrict his or her right to receive a voluntary transfer, conveyance, devise or bequest from the other, nor to limit the right of the parties to establish joint accounts with right of survivorship as to personal property or tenancies by the entireties as to real estate, and the survivor shall become the absolute owner of any property voluntarily transferred, conveyed, devised, bequeathed, or succeeded to as a surviving joint tenant or tenant by the entireties, *notwithstanding any other provision of this agreement.*

Record at 194, (emphasis added).[3] Herman voluntarily conveyed property to Jacqualine, thereby establishing a tenancy by the entirety as to the lake property. The provision quoted above allowed him this option, notwithstanding any other provision of the agreement. The trial court's findings and conclusions are not clearly erroneous.

### II.

■ Next, Herman contends that the trial court abused its discretion in awarding Jacqualine one-half the marital estate. He argues that the evidence presented required the trial court to deviate from the statutory presumption of an equal division.[4] Specifically, Herman notes that he owned the lake property for approximately thirty-nine years prior to the parties' marriage. He argues that each party's economic circumstances changed little over the seventeen month marriage, and that no disparity existed concerning their current earning capacity.

■ Subject to the statutory presumption that an even distribution of assets is just and reasonable, the disposition of marital property is committed to the sound discretion of the trial court. *Castaneda v. Castaneda* (1993), Ind.App., 615 N.E.2d 467, 470; *Livingston v. Livingston* (1992), Ind.App., 583 N.E.2d 1225, 1227, *trans. denied.* A party challenging the trial court's division of marital assets must overcome a strong presumption that the trial court complied with the statute. *Castaneda*, 615 N.E.2d at 471. Reversal is appropriate only where the decision is clearly against the logic and effect of the facts and circumstances. *Id.* at 470.

Here, the trial court applied the statutory presumption. The court's decision is within the wide range of its discretion, and we will not substitute our judgment for that of the trial court. We find no error.

AFFIRMED.

STATON and BAKER, JJ., concur.

---

3. Contrary to Herman's assertion, it is not apparent from reading the agreement as a whole that this paragraph was intended to create only survivorship rights in property voluntarily transferred.

4. Ind.Code § 31–1–11.5–11(c) (West Supp.1994) states that the court shall presume that an equal division of the marital property between the parties is just and reasonable. This presumption may be rebutted by a party providing relevant evidence that an equal division would not be just and reasonable.