**In re the Marriage of Cleveland C. CLEARY, Appellant–Respondent Below,**

v.

**Kay L. CLEARY, Appellee–Petitioner Below.**

**No. 71A03–9107–CV–213.**

Court of Appeals of Indiana, Third District.

Dec. 16, 1991.

J. Christopher Warter, Patrick, Warter & Berger, South Bend, for appellant-respondent.

Carmen M. Piasecki and Eugenia S. Schwartz, South Bend, for appellee-petitioner.

STATON, Judge.

Cleveland Cleary, M.D., appeals the trial court's valuation of his interest in three professional corporations in a marital dissolution proceeding. Dr. Cleary raises four issues for our review, which we consolidate and rephrase as the following three:

I. Whether the trial court abused its discretion in determining the value of Dr. Cleary's interest in his professional corporations.

II. Whether the trial court abused its discretion by failing to consider the debts incurred by Dr. Cleary's professional corporations in its valuation.

III. Whether the trial court abused its discretion by determining the value of Dr. Cleary's interest in the corporations as the value of his medical practice.

We affirm.

Kay Cleary filed a petition for dissolution of her marriage with Dr. Cleary on October 19, 1987. Subsequently, the parties entered into a property settlement agreement establishing custody, visitation and support of their three minor children, and the division of the parties' assets and liabilities. The Clearys agreed that Kay would be entitled to 60% of the value of Dr. Cleary's interest in his professional corporations, but they could not agree on the value of the interest. The parties submitted this issue to the trial court, which held a hearing on the matter. Each party called an expert witness to appraise Dr. Cleary's interest in the corporations, and the trial court determined this value to be $155,000. The court then entered judgment for Kay in the amount of $93,000, or 60% of $155,-000. It is from this determination that Dr. Cleary appeals.

We first note that the trial court has broad discretion in ascertaining the value of property in a dissolution action, and its valuation will not be disturbed absent an abuse of that discretion. *Neffle v. Neffle* (1985), Ind.App., 483 N.E.2d 767, 770, *trans. denied.* The trial court does not abuse its discretion if there is sufficient evidence and reasonable inferences therefrom to support the result. *Id.* In other words, we will not reverse the trial court unless the decision is clearly against the logic and effect of the facts and circumstances before it. *Porter v. Porter* (1988), Ind.App., 526 N.E.2d 219, 222, *trans. denied.* A reviewing court will not weigh evidence, but will consider the evidence in a light most favorable to the judgment. *Id.*

Dr. Cleary first argues that the trial court abused its discretion in its determination of the value of his interest in the three corporations. In its decree, the trial court found:

At the time of separation, Husband had an interest in Elkhart Emergency Physicians, Inc., Northern Indiana Emergency Physicians, Inc. and E.R. Physicians, Inc. which were three corporations through which he practiced medicine. Husband and Wife agree that Wife is entitled to sixty (60%) percent of the value of Husband's interest in the three corporations, but the parties were unable to agree on the value. The parties agreed to submit the valuation issue to the Court and sixty (60%) percent of that value as decided by the Court shall be paid by Husband to Wife. The valuation issue was submitted to the Court and the Court after a hearing held May 3, 1990 found that the Husband's interest in the corporations, through which he practiced medicine, as going concerns has a value of One Hundred and Fifty–Five Thousand ($155,000.00) Dollars. Husband is to pay Wife sixty (60%) percent of that value or Ninety–Three Thousand ($93,-000.00) Dollars.

Record, p. 61.

The trial court based its determination of value primarily on the testimony of Joseph Miller, an accountant and attorney, who computed values ranging from $135,-

000 to $176,000. Miller considered the goodwill of the medical practice to arrive at the lower amount, and used a weighted average method, capitalizing Dr. Cleary's income, to calculate the higher figure. *See Axsom v. Axsom* (1991), Ind.App., 565 N.E.2d 1097, 1100–01 (applying income capitalization method to compute valuation of business). The court then established the average of the two amounts as the valuation. This decision is not against the logic and effect of the facts before the court.

Dr. Cleary maintains, however, that it was error to consider the goodwill of his medical practice. This precise issue was addressed in *Porter, supra,* and resolved adversely to Dr. Cleary. The court in *Porter* examined traditional concepts of goodwill as related to a professional practice, and noted that "the vast majority" of foreign courts to consider the issue have held that goodwill of a professional practice is property which should be included among the assets distributed upon the marriage dissolution. *Id.* at 224.

> Goodwill has been defined as:
> [T]he advantage or benefit which is acquired by an establishment beyond the mere value of the capital stock, funds, or property employed therein, in consequence of the general public patronage and encouragement which it receives from constant or habitual customers on account of its local position, or common celebrity, or reputation for skill, or affluence, or punctuality, or from other accidental circumstances or necessities, or even from ancient partiality or prejudices.

*Id.* at 223 (quoting 38 *Am.Jur.2d Goodwill* § 1 (1968)).

■ Goodwill is also defined as the expectation of continued public patronage. *In re Marriage of Lukens* (1976), 16 Wash. App. 481, 558 P.2d 279; *In re Marriage of Foster* (1974), 42 Cal.App.3d 577, 117 Cal. Rptr. 49. The evidence demonstrated that two of Dr. Cleary's corporations had exclusive contracts to provide emergency room physicians at two community hospitals, creating a virtual monopoly on emergency room practice at those locations. Services and supplies were provided to the corporations at no cost. A witness for Dr. Cleary acknowledged that the medical group had an expectation of continued public patronage by virtue of the contracts. We cannot conclude that the trial court abused its discretion by assigning a goodwill value to Dr. Cleary's interest in the corporations.

■ Dr. Cleary next contends that the trial court abused its discretion by failing to consider the negative book value of the professional corporations. The negative book value was the result of a $200,000 loan incurred to fund a pension and profit sharing plan for the stockholders, including Dr. Cleary. However, as Kay's witness testified, he considered the pension and profit sharing plan in his computations. The evidence and reasonable inferences therefrom support the result of the trial court.

■ For his final allegation of error, Dr. Cleary maintains that the trial court improperly confused the value of his license to practice medicine with the value of his interest in the corporations. This allegation is not supported by cogent argument or citation to authority; therefore, it is deemed waived. Ind. Rules of Procedure, Appellate Rule 8.3(A)(7); *Nering v. Stockstill* (1983), Ind.App., 448 N.E.2d 695, *trans. denied.* Notwithstanding waiver, we observe that this issue was addressed in *Porter, supra,* where the court approved of the following language from the North Carolina Court of Appeals:

> It is generally agreed that in valuing a professional practice, *or an interest therein,* it should not make any significant difference whether the practice is conducted as a corporation or professional association, a partnership, or a sole proprietorship.

526 N.E.2d at 223 (quoting *Poore v. Poore* (1985), 75 N.C.App. 414, 419, 331 S.E.2d 266, 270) (emphasis added). Dr. Cleary has demonstrated no error.

Affirmed.

HOFFMAN and MILLER, JJ., concur.