Rhonda S. LIVINGSTON, Appellant–
Respondent,

v.

David L. LIVINGSTON,
Appellee–Petitioner.

No. 18A02–9107–CV–318.

Court of Appeals of Indiana,
Third District.

Jan. 13, 1992.

---

Steven C. Smith, Steven C. Smith, P.C., Anderson, for appellant-respondent.

Michael M. Painter, Painter & Schafer, Muncie, for appellee-petitioner.

HOFFMAN, Judge.

Appellant Rhonda S. Livingston appeals an order of the court dissolving her marriage to appellee David L. Livingston. Rhonda's appeal is directed to portions of the order regarding child custody and distribution of assets.

The evidence relevant to the appeal discloses that the parties were married in 1970. Four children were born during the marriage, two daughters and two sons. The children ranged in age from 14 years to 5 years.

At an unspecified time during the marriage, Rhonda became a substance abuser. Several surgeries apparently spawned the abuse of prescription drugs and alcohol. Rhonda began in-patient treatment on three separate occasions, yet never completed a treatment program. During the dissolution proceedings, Rhonda sought

counseling. Except for brief episodes early in the marriage, Rhonda had not been employed outside of the home during the marriage.

David maintained a consistent work history with the same company for 17 years. David demonstrated interest in the children. Accordingly, the court-appointed psychologist and advocates for the children recommended that David receive custody of all four children.

The court awarded David custody of the two boys. Contrary to the recommendations of the experts, Rhonda was awarded custody of the two girls.

The evidence at the final hearing on dissolution focused upon the abilities of the parents to properly rear the children. Because the distribution of the assets did not seem particularly contentious, relatively little evidence on the subject was adduced at trial. An itemized list of debts was submitted by David. However, no evidence was submitted as to the valuation of the personal property, such as vehicles and furniture. Also, neither party attempted to present any evidence as to the value of David's 401K retirement plan. The only evidence as to the plan consisted of David's statement acknowledging its existence and his equivocal testimony as to whether he had any present right to the funds.

Because the parties failed to present evidence as to the values for many of the marital assets, the court's order does not specify that the assets were distributed equally. The 401K plan was not included as a marital asset.

On appeal Rhonda raises two issues:

(1) whether the trial court erred in unevenly dividing the assets and by failing to include David's 401K plan as a marital asset; and

(2) whether the trial court erred in awarding David custody of the parties' two sons.

The court's order dividing the marital assets awarded David the marital residence, appraised at $114,000.00. David was awarded an interest in another piece of realty valued at $1,200.00. The parties failed to present evidence as to the value of any other assets. David received a 1988 truck and all personal property acquired during the marriage except for the items specifically awarded to Rhonda. Pursuant to the order, David was responsible for all debts incurred during the marriage. The evidence demonstrated that the parties had incurred a total indebtedness of approximately $78,000.00.

Rhonda received a 1982 Cadillac, an oak table, her personal effects, and furniture from two rooms in the marital residence. No value was determined as to any of the items received by Rhonda. The court specifically stated that the 401K plan was not included as an asset because it had not vested and because it had no present value.

■■■ Subject to the statutory presumption that an even distribution of assets is just and reasonable, the disposition of marital property is committed to the sound discretion of the trial court.

*Euler v. Euler* (1989), Ind.App., 537 N.E.2d 554, 556;

IND.CODE § 31–1–11.5–11(c) (1988 Ed.) (imposing a presumption that an equal division of property is just and reasonable).

On review, this Court may neither weigh the evidence nor assess the credibility of witnesses. *Euler.* Instead, the Court may consider only the evidence most favorable to the trial court's disposition which is considered as a whole, and not item by item. *Id.* Reversal of the trial court's decision is appropriate only where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

■■■ Rhonda complains that the distribution of assets was unequal. A party challenging the trial court's division of the marital assets must overcome a presumption that the trial court considered all evidence and properly applied the statutory

factors. *Porter v. Porter* (1988), Ind.App., 526 N.E.2d 219, 222. Here, Rhonda bases her allegation that the assets were distributed unequally upon a rough calculation employing the values attributed to the realty and subtracting the debt. Such a calculation serves no valid purpose where the parties failed to present evidence as to the valuation of most of the assets. Even though the division of assets appears somewhat unequal, absent evidence of values the court must exercise its discretion in disposing of the marital assets. As noted above, the trial court's decision is considered as a whole, not item by item. Also, on review this Court must presume that the trial court's distribution complied with the statute. There being no evidence to the contrary, the trial court's order as to the division of the marital property was correct.

■ Rhonda also alleges that the trial court erred by excluding David's 401K plan as a marital asset. The only evidence as to the plan was presented through David's testimony. David acknowledged the existence of the plan. David did not state and was not asked whether the plan had vested or whether it had a present value. When asked whether he could "cash that out now," David stated, "No, the only way I can cash that out is if I'm terminated from work I believe." The evidence does not establish unequivocally a vesting or a present value of the plan. Accordingly, the trial court did not err in excluding the plan as a marital asset. *See Grammer v. Grammer* (1991), Ind.App., 566 N.E.2d 1080, 1083 (inclusion of pension plan as marital property must be reversed where record did not clearly establish vesting of pension at time of dissolution).

■ Finally, Rhonda avers that the court erred in awarding David custody of their two sons. Custody decisions are reviewed for an abuse of discretion, and the Court may not reweigh the evidence. *Hegerfeld v. Hegerfeld* (1990), Ind.App., 555 N.E.2d 853, 856. Here, the testimony of the court-appointed psychologist and the advocates for the children supported an award of custody to David. Rhonda requests that the evidence be reweighed. The standard precludes such review.

There being no finding of reversible error, the judgment of the trial court is affirmed.

Affirmed.

GARRARD and MILLER, JJ., concur.