## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 30 2015, 7:46 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Robert A. Plantz | Samantha M. Joslyn |
| Robert A. Plantz & Associates, LLC | Rensselaer, Indiana |
| Merrillville, Indiana | |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Starla Gough, | June 30, 2015 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 37A03-1411-DR-414 |
| v. | Appeal from the Jasper Superior Court |
| Dale Gough, | The Honorable Robert M. Hall, Senior Judge |
| *Appellee-Respondent.* | Cause No. 37D01-1212-DR-1156 |

**Najam, Judge.**

## Statement of the Case

[1]     Starla Gough ("Mother") appeals the dissolution court's final decree, which ended her marriage to Dale Gough ("Father"). Mother presents the following issues for our review:

1. Whether the dissolution court abused its discretion when it awarded Father parenting time pursuant to the Indiana Parenting Time Guidelines.

2. Whether the dissolution court abused its discretion when it calculated Father's child support obligation.

3. Whether the dissolution court abused its discretion when it divided the marital pot.

4. Whether the dissolution court abused its discretion when it denied Mother's request that Father pay her attorney's fees.

[2] We affirm.

## Facts and Procedural History

[3] Father and Mother married in 1996, and they have three children together: W.G., born November 20, 2000; and twins C.G. and L.G., born January 22, 2003 (collectively "the children"). During the marriage, Father worked full time and, after W.G.'s birth, Mother was a stay-at-home mom. In January 2012, Mother was hospitalized for a serious illness, and, after undergoing three surgeries during early 2012, Mother suffered a stroke in June 2012. As a result of the stroke, Mother developed various mental and physical impairments.

[4] On December 13, 2012, Mother filed a petition for dissolution of the marriage. Following a hearing, the dissolution court issued a provisional order whereby Mother was awarded physical custody of the children; Father was awarded parenting time every other weekend, but with "no overnights until further court

order"; Father was ordered to pay $475 per week in child support; Father was ordered to pay certain "ongoing marital debts and obligations"; and Father was ordered to pay $1500 to Mother's attorney for fees. Appellant's App. at 19-20.[1] Mother and the children continued to reside in the marital residence, with Father paying the mortgage and bills. Father moved in with his fiancée, who was living in a one-bedroom apartment.

[5] At the final hearing in June 2014, Mother testified that, as a result of the stroke she suffered in 2012, she is unable to work. Mother presented evidence that she is currently seeking employment through a program called IMPACT, which helps disabled[2] people seek employment. But Mother testified that IMPACT has been unsuccessful in finding her work that she is able to do. Still, when asked to describe her daily activities, Mother testified that she "do[es] laundry and cook[s], clean[s], take[s] care of the dogs, the cats, the birds, the fish tank, the kids—help[s] them with their [sic] driving them for their games [and other activities]." Tr. at 48. Mother did not testify that she had any difficulty completing those tasks. And Mother submitted two child support obligation worksheets to the trial court—one worksheet listed her income as zero and the second listed her income at minimum wage.

---

[1] We note that we had difficulty finding relevant pleadings in the Appendix submitted on appeal because, in her table of contents, Mother did not specify the page numbers associated with each pleading.

[2] Mother has applied for Social Security disability benefits, but she has been denied.

Mother did not submit a list of marital assets to the trial court. Father submitted a list of personal property that he wanted the trial court to award him, but neither party submitted evidence of the value of any of those items. It is undisputed that the parties have no equity in the marital residence. The evidence shows that Father used to have a 401(k) account, but that account had no value as of the final hearing. And the evidence shows that Father has a pension through his employment, but neither party presented any evidence regarding the value of that pension or whether Father's interest in the pension has vested.

Following the hearing, the dissolution court took the matter under advisement and subsequently issued the decree, which provides in relevant part:

CUSTODY, SUPPORT AND VISITATION

As to custody, the court finds the parties should have joint legal custody with primary physical possession with Mother subject to Father's rights as provided in the Indiana Parenting Time Guidelines, with no restrictions thereon.

Support is established pursuant to Wife's Exhibit 4 with Father to pay Four Hundred Forty-seven Dollars ($447.00) per week commencing on Friday July 11, 2014. . . .

* * *

PROPERTY:

The court finds there are no assets of the marriage with any value, based on the evidence submitted. The court finds that there are debts incurred by the parties during the marriage that

need to be determined, including the payment of the debts ordered in the Provisional Order. The court finds that the marital residence, which has no equity, should be and hereby is awarded to Father subject to the debt thereon. Father shall hold Mother harmless thereon. Mother has requested and Father has agreed that Mother may continue to reside in the marital residence. Father shall keep Mother informed as to the status of the foreclosure on the marital residence. Absent a court order evicting Mother from said residence, of which Father is unaware, he shall give her at least thirty (30) days notice of any requirement to vacate said residence.

Father may have a 401k Pension and the evidence discloses that there is no value therein for division by the court. The court finds that the same should be set over to Father as his sole and separate property.

As to the van that is in possession of Mother, she has had it refinanced, it is in her name, and shall be set over to her as her sole and separate property subject to the debt thereon. Mother shall hold Father harmless on said debt.

As to the personal property set forth in Husband's Exhibit C, the court finds the tangible property listed thereon, with the exception of the thirty-nine (39) inch TV, shall be set over to Father and all remaining tangible personal property, including the thirty-nine (39) inch TV, shall be set over to Mother. Counsel stipulated in open court that they would make arrangements for Father to acquire the property set over to him and are to do so. All intangible personal property shall remain in the possession of whoever currently has any such property in his or her name.

MARITAL DEBT:

Father shall be responsible for paying all bills of the marriage, specifically including those set forth in the Provisional Order and shall hold Mother harmless from any such debts. Further the

court notes that Father's requirement to pay any ongoing bills during the pendency of the case pursuant to the Provisional Order terminates on the entry of this Decree.

ATTORNEY FEES:

The court further finds that each of the parties shall be responsible for his or her own attorney fees, except for the allowance made in the Provisional Order herein.

Appellant's App. at 25-27. Father and Mother filed cross motions to correct error, which the dissolution court denied. This appeal ensued.

# Discussion and Decision

## *Standard of Review*

[8] The dissolution court entered findings and conclusions sua sponte. Sua sponte findings control only as to the issues they cover and a general judgment will control as to the issues upon which there are no findings. *Mullin v. Mullin*, 634 N.E.2d 1340, 1341 (Ind. Ct. App. 1994). A general judgment entered with findings will be affirmed if it can be sustained on any legal theory supported by the evidence. *Id.* When a court has made special findings of fact, an appellate court reviews sufficiency of the evidence using a two-step process. First, it must determine whether the evidence supports the trial court's findings of fact; second, it must determine whether those findings of fact support the trial court's conclusions of law. *Estate of Reasor v. Putnam Cnty.*, 635 N.E.2d 153, 158 (Ind. 1994). Findings will only be set aside if they are clearly erroneous. *Id.* Findings are clearly erroneous only when the record contains no facts to

support them either directly or by inference. *Id.* A judgment is clearly erroneous if it applies the wrong legal standard to properly found facts. *State v. Van Cleave*, 674 N.E.2d 1293, 1296 (Ind. 1996), *reh'g granted on other grounds*, 681 N.E.2d 181 (Ind. 1997). In order to determine that a finding or conclusion is clearly erroneous, an appellate court's review of the evidence must leave it with the firm conviction that a mistake has been made. *Id.* at 1295.

### *Issue One: Parenting Time*

[9] Mother first contends that the dissolution court abused its discretion when it awarded Father parenting time pursuant to the Indiana Parenting Time Guidelines ("the Guidelines"). In particular, Mother objects to Father having overnight visits with the children. We review a trial court's determination of a parenting time issue for an abuse of discretion. *J.M. v. N.M.*, 844 N.E.2d 590, 599 (Ind. Ct. App. 2006), *trans. denied*. No abuse of discretion occurs if there is a rational basis in the record supporting the trial court's determination. *Id.* We will neither reweigh evidence nor judge the credibility of witnesses. *Id.* In all parenting time controversies, courts are required to give foremost consideration to the best interests of the child. *Id.*

[10] Mother begins by directing us to Indiana Code Section 31-17-4-1(a), which provides that a parent who is not granted custody of the child is entitled to reasonable parenting time rights unless the court finds, after a hearing, that parenting time by the noncustodial parent might endanger the child's physical health or significantly impair the child's emotional development. Mother asserts that Father's "one bedroom apartment with his girlfriend is not a proper

or safe environment, physically or emotionally, for these three small children." Appellant's Br. at 12. Thus, she maintains that the dissolution court abused its discretion when it ordered parenting time under the Guidelines.

[11] Mother's contention on this issue is merely a request that we reweigh the evidence, which we will not do. Mother supports her argument on appeal with her self-serving testimony at the final hearing. The dissolution court was entitled to discredit that testimony. Moreover, Father testified that he would provide air mattresses and a couch for the children to use when they stayed at his residence, and he also testified that he was seeking a new residence with more than one bedroom to accommodate the children. Mother has not demonstrated that the dissolution court abused its discretion when it awarded Father parenting time under the Guidelines, including overnight visits.

### Issue Two: Child Support

[12] Mother next contends that the dissolution court abused its discretion when it calculated Father's child support obligation. In particular, Mother asserts that the dissolution court erred when it imputed her income at a minimum-wage level. Mother states that, because of her physical disabilities, she is unable to work, even at a minimum-wage job. But at the final hearing, Mother submitted as Exhibit 4 a child support obligation worksheet that attributed minimum-wage income to her. The dissolution court adopted the calculation of Father's child support obligation as indicated on that exhibit. As such, any error was invited, and Mother cannot now complain. *Balicki v. Balicki*, 837 N.E.2d 532, 541 (Ind. Ct. App. 2005) (reiterating doctrine of invited error is grounded in

estoppel and precludes a party from taking advantage of an error that she commits, invites, or which is the natural consequence of her own neglect or misconduct), *trans. denied*.

### *Issue Three: Marital Pot*

[13] Mother appears to raise several issues regarding the marital pot. We address each in turn. Mother first contends that the dissolution court abused its discretion when it excluded Father's pension from the marital pot. In an action for dissolution of marriage under Indiana Code Section 31-15-2-2, the court shall divide the property of the parties, whether:

> (1) owned by either spouse before the marriage;
>
> (2) acquired by either spouse in his or her own right:
>
> > (A) after the marriage; and
> >
> > (B) before final separation of the parties; or
>
> (3) acquired by their joint efforts.

[14] This statute requires all property to be considered in the marital estate. *Fobar v. Vonderahe*, 771 N.E.2d 57, 60 (Ind. 2002). With certain limited exceptions, the "one-pot" theory of Indiana family law specifically prohibits the exclusion of any asset from the scope of the trial court's power to divide and award. *Thompson v. Thompson*, 811 N.E.2d 888, 912 (Ind. Ct. App. 2004), *trans. denied*. "Only property acquired by an individual spouse after the final separation date is excluded from the marital estate." *Id.*

Here, Mother asserts that Father has a pension and that the dissolution court abused its discretion when it excluded that pension from the marital pot. But it is well established that, for a pension to be included in the marital pot, the pension must be vested. *See* Ind. Code § 31-9-2-98; *Dowden v. Allman*, 696 N.E.2d 456, 458 (Ind. Ct. App. 1998). And neither party presented evidence to show that Father's interest in his pension is vested.[3] Absent any evidence that Father's interest in his pension is vested, the trial court appropriately excluded it from the marital pot. *See Dowden*, 696 N.E.2d at 458; *see also Grammer v. Grammer*, 566 N.E.2d 1080, 1083 (Ind. Ct. App. 1991) (holding trial court erroneously included the husband's pension plan in the marital assets where the record was not clear that the pension had vested); *Livingston v. Livingston*, 583 N.E.2d 1225, 1228 (Ind. Ct. App. 1992) (holding trial court did not err by excluding husband's 401(k) plan from the marital assets where the "evidence does not establish unequivocally a vesting or present value of the plan"), *trans. denied*. Therefore, the dissolution court did not err when it excluded from the marital pot the value of Father's pension plan, if any.[4]

Next, to the extent Mother contends that the dissolution court erred when it found that there are no assets of the marriage with any value, Mother does not support that contention with cogent argument, and the issue is waived. Ind. Appellate Rule 46(A)(8)(a). Waiver notwithstanding, Mother did not present

---

[3] There is no indication that Mother attempted to obtain this crucial information through discovery.

[4] We also note that neither party presented evidence regarding the value of Father's pension.

evidence showing that the parties had any assets other than items of personal property of unknown value discussed at the hearing. And the parties stipulated to the division of the bulk of the personal property during the hearing. Because Mother did not present any evidence regarding the values of various marital assets to the dissolution court, again, any error was invited, and she cannot now complain. *Balicki*, 837 N.E.2d at 541; *see also In re Marriage of Church*, 424 N.E.2d 1078, 1081-82 (Ind. Ct. App. 1981) (noting "that any party who fails to introduce evidence as to the specific value of the marital property at the dissolution hearing is estopped from appealing the distribution on the ground of trial court abuse of discretion based on that absence of evidence").

[17] Finally, to the extent Mother contends that the dissolution court abused its discretion when it "order[ed] an equal division of the parties' debts," again, that contention is not supported by cogent argument. Appellant's Br. at 14. Regardless, the evidence clearly shows that the dissolution court ordered Father to pay the majority of the parties' marital debts, totaling approximately $20,000, and it ordered Mother to pay only the debt associated with her van, which is approximately $5,000.[5] Thus, the dissolution court did not order an equal division of the parties' debts. This contention is entirely without merit. Mother has not demonstrated that the dissolution court abused its discretion when it divided the marital pot.

---

[5] The evidence does not show the present value of that van, which was awarded to Mother.

## Issue Four: Attorney's Fees

[18] Mother contends that the dissolution court abused its discretion when it denied her request that Father pay her attorney's fees. Indiana Code Section 31-15-10-1 provides that a trial court may order a party to pay a reasonable amount to the other party for the cost of maintaining or defending any action in dissolution proceedings. We review a trial court's award of attorney fees in connection with a dissolution decree for an abuse of discretion. *Hartley v. Hartley*, 862 N.E.2d 274, 286 (Ind. Ct. App. 2007). The trial court abuses its discretion if its decision is clearly against the logic and effect of the facts and circumstances before it. *Id.* When making such an award, the trial court must consider the resources of the parties, their economic condition, the ability of the parties to engage in gainful employment and to earn adequate income, and other factors that bear on the reasonableness of the award. *Id.*

[19] Mother's sole contention on this issue is that, because she is unable to work and Father makes approximately $100,000 per year, the dissolution court should have ordered Father to pay her attorney's fees. But this court has held that, "while disparity of income may be considered in awarding attorney['s] fees, a trial court is not required to award fees based on disparity of income alone." *Russell v. Russell*, 693 N.E.2d 980, 984 (Ind. Ct. App. 1998), *trans. denied*. There is no abuse of discretion for the trial court not to do that which it is not required to do. *Id.*

[20] Affirmed.

Baker, J., and Friedlander, J., concur.